IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CATHLEEN SANCHEZ,   No. 2:17-cv-2262-CMK

    Plaintiff,

  vs.   ORDER

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

/

    Plaintiff, who is proceeding with retained counsel, brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pending before the court is plaintiff's motion for leave to proceed in forma pauperis (Doc. 3). However, the motion is incomplete.

    Plaintiff states that her spouse supports her fully, but she fails to set forth any information as to her spouse's income she may have access to. To prevail on a motion for leave to proceed in forma pauperis, a plaintiff need not demonstrate s/he is completely destitute, but they must show that, because of their poverty, they cannot pay the filing fee and still provide their dependents with the necessities of life. See Adkins v. E.I. DuPont de Nemours & Co., 335

1

U.S. 331, 339-40 (1948). A "showing of something more than mere hardship must be made." Martin v. Gulf States Utilities Co., 221 F.Supp. 757, 759 (W.D. LA 1963). Plaintiffs are charged with income to which they have access, such as their spouse's income or other household income, when determining applications to proceed in forma pauperis. See United States v. Marty, 2010 U.S. Dist. LEXIS 2783 (E.D. Cal. 2010) citing Monti v. McKeon, 600 F.Supp. 112, 114 (D. Conn. 1984) ("in ruling on motions to proceed in forma pauperis, . . . courts have considered the income of interested persons, such as spouses and parents, in evaluating the funds available to the movant . . . If plaintiff is supported by her spouse, and her spouse is financially able to pay the costs of this appeal, it follows that the plaintiff's own lack of funds will not prevent her from gaining access to the courts.").

In addition, in response to Question No. 2, plaintiff states that she is not currently employed but does not respond at all to Question No. 2(b) regarding her last employment, if any.

Plaintiff will be provided an opportunity to either pay the filing fees for this action or submit a completed application for leave to proceed in forma pauperis. Plaintiff is cautioned that failure to comply with this order may result in dismissal of the action. See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is denied without prejudice;

2. Within 15 days of the date of this order, plaintiff shall either pay the filing fees for this action or submit a completed application for leave to proceed in forma pauperis.

DATED: December 1, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE